IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FREDDY WAYNE HURLEY #453088 | § | |
| v. | § | CIVIL ACTION NO. 6:04cv368 |
| DENNIS BLEVINS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Freddy Hurley, proceeding *pro se*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hurley complained that he was the victim of conspiracy, retaliation, and deliberate indifference to his safety. The Magistrate Judge conducted an evidentiary hearing on December 14, 2004, at which Hurley testified concerning his complaints. The Magistrate Judge also received and reviewed certified, authenticated copies of prison records, making clear in her Report that these records were not used to contradict Hurley's testimony and that assertions in the records which differed from Hurley's testimony would be disregarded.

On March 24, 2005, the Magistrate Judge issued a Report recommending that Hurley's lawsuit be dismissed as frivolous. The Magistrate Judge concluded that Hurley had failed to show that he was the victim of a conspiracy or that prison officials had retaliated against him. The Magistrate Judge also determined that the prison officials were not deliberately indifferent to Hurley's safety because they did not have specific notice that inmate Fagan, who assaulted Hurley, posed a threat to him, nor that moving Fagan to a cell nearer to Hurley posed a substantial risk of serious danger to Hurley.

Hurley filed objections to the Magistrate Judge's Report on April 14, 2005. In these objections, Hurley argues first that he did complain of Fagan to the prison officials. He also asserts that he has adequately shown that he was the victim of retaliation and complains that the Magistrate Judge improperly reviewed prison records. Finally, Hurley complains that the evidentiary hearing was not "fair and impartial," that he is entitled to have service of process effected, and that his complaint should not have been dismissed without giving him an opportunity to amend.

Hurley's objections are without merit. A review of the documents submitted by Hurley fails to show that Hurley presented any information from which the prison officials could have discerned that Fagan posed a real and immediate threat to Hurley. *See* Horton v. Cockrell, 70 F.3d 397, 400 (5th Cir. 1995). As the Magistrate Judge concluded, Hurley did not set out either direct evidence of retaliation, nor a chronology from retaliation could plausibly be inferred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995). The Magistrate Judge did not err in accepting certified, authenticated prison records into evidence, when such records were not used to contradict Hurley's testimony nor to make credibility determinations. Wilson v. Barrientos, 926 F.2d 480, 483 (opinion on rehearing) (5th Cir. 1991); Varnado v. Collins, 920 F.2d 320, 321 (5th Cir. 1991).

A review of the Spears hearing fails to substantiate Hurley's assertion that the hearing was not "fair or impartial." Even though Hurley paid the filing fee, his case is still subject to judicial screening pursuant to 28 U.S.C. §1915A. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998); Martin v. Scott, 156 F.3d 578, 579 (5th Cir. 1998). Hurley's assertion that he should have been allowed to amend his complaint is without merit because a Spears hearing serves to amend the complaint. Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995) (*per curiam*); Riley v. Collins, 828 F.2d 306, 307 (5th Cir. 1987). In addition, Hurley had ample time to amend his complaint, if he wished to do so; the evidentiary hearing was conducted in December of 2004, and the Magistrate Judge issued her Report in March of 2005. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings, testimony, and evidence in the cause, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other

documents and filings in the record. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil rights lawsuit be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 10th day of May, 2005.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE